IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CR. NO. 1:19-cr-10040-JBD** |
| | ) | |
| vs. | ) | |
| | ) | |
| **ANDREW RUDIN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PROTECTIVE ORDER

Upon written motion of the United States, and for good cause shown pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, it is hereby ordered:

Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the United States filed a motion for entry of a Protective Order to ensure the confidentiality of any personal and confidential information[1] of others included within the discovery and evidence in this case.

The parties respectfully agree to the following conditions and restrictions:

1) the materials provided are for the sole use of counsel in preparing for the defense of this case[2] and shall not be copied, reproduced or otherwise

---

[1] "Personal and confidential information" means any information that can be used to identify an individual, including but not limited to name, address, e-mail address, Medicare, Medicaid, and Social Security numbers, driver's license number, national identification number, IP address, vehicle registration numbers, photographs, fingerprints, handwriting, credit card numbers, date of birth, telephone numbers, login name, screen name, nickname, handle, bank account numbers, or any other identifying number, phrase or set of characters, and individually identifiable health and medical information, including (i) information concerning past, present or future physical or mental health or conditions, (ii) the provision of health care to an individual and (iii) past, present or future payment for the provision of health care to an individual. The documents may also contain confidential information concerning ongoing investigations.

[2] "[U]se of counsel in preparing the defense of this case" contemplates and permits dissemination to counsel's staff, experts, consultants, interpreters, and other parties contracted with counsel for the defense

    disseminated to third parties, or used for any other purpose or in connection with any other proceedings; and

2) Counsel shall not disseminate copies of the discovery without first filing a motion with the Court requesting permission to make such disclosure, and explaining why such disclosure is necessary in preparing for trial – except that counsel may arrange for review of such materials by the Defendant in the presence of counsel or members of counsel's staff. Defendant shall not make any notes or otherwise make any record of the contents of the discovery unless the same are held by counsel for safekeeping. If Defendant requires greater access to the discovery in order to prepare for trial, Defendant may file a motion requesting modification of this provision;  and

3) notwithstanding any ethical rules governing file preservation, retention and destruction, counsel is required to destroy all materials containing personal information of other persons within 45 days of the conclusion of this case[3] or to return all such materials to counsel for the United States.

SO ORDERED this 10th day of July, 2019.

        **s/ J. DANIEL BREEN**
        THE HONORABLE J. DANIEL BREEN
        UNITED STATES DISTRICT JUDGE

---

of this case provided that all parties to whom disclosures of personal identifying information and confidential information are made are informed that personal and confidential information may not be used for any purpose other than for this case. Counsel should be required to take all reasonable steps to ensure that persons receiving personal and confidential information do not use or disclose any such information for any purpose other than for use in this case.

[3]    The case should be deemed concluded after all trial and appellate proceedings or upon the expiration of the time to commence any further proceedings.