IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CR. No. 1:19-cr-10040-JTF |
| ) | |
| ANDREW RUDIN, *et al*, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING CONSOLIDATED MOTIONS TO DISMISS AND DENYING MOTIONS FOR DISCLOSURE OF GRAND JURY MATERIALS**

Before the Court is Defendant Dr. Andrew Rudin's Consolidated Motions to Dismiss and for Disclosure of Grand Jury Materials pursuant to Fed. Rules Crim. P. 6 and 12 and *Ruan v. United States*[1] filed on October 12, 2022.[2] (ECF No. 240.) The Government filed a response in opposition to the motion on October 24, 2022. (ECF No. 246.) For the following reasons, the Court issued a ruling *ore tenus* at the conclusion of the hearing that the consolidated motions to dismiss and for disclosure of the grand jury materials should be GRANTED IN PART AND DENIED IN PART. Upon review of the grand jury materials, the undersigned concludes that the motion, ECF No. 240, should be **DENIED**.

**I.   PROCEDURAL HISTORY**

Defendant Jeffery Young ("Young") is a nurse practitioner licensed by the State of Tennessee. Defendant Alexander Alperovich ("Alperovich") and Defendant Andrew Rudin ("Rudin") are physicians licensed to practice medicine by the state of Tennessee. (ECF No. 3.)

---

[1] *See Ruan v. United States*, 142 S.Ct. 2370 (2022).
[2] Defendant Jeffery Young joined in the Motion to Dismiss the Indictment on November 2, 2022. (ECF No. 251.)

The Defendants maintained a professional medical practice, Preventagenix, LLC in Jackson, Tennessee, wherein Alperovich and Rudin were supervising physicians for Young. On April 15, 2019, a federal grand jury returned a fifteen (15) count indictment charging the Defendants, individually and collectively, with committing various drug-related offenses from July 2014 through January 2017 in violation of the Controlled Substances Act ("CSA"). (ECF No. 3.)

Originally, this matter was pending in the Eastern Division of the Western District of Tennessee. On October 20, 2020, the Court granted Young's unopposed motion to transfer the case from the Eastern Division and the matter was reassigned to the undersigned Court for trial. (ECF No. 183 and ECF No. 184.) After several settings, the case was set for trial on March 16, 2022. (ECF Nos. 185, 206, 208, 220, and 222.) However, Rudin filed an unopposed motion to continue the May 16th trial date pending the Supreme Court's ruling in *Ruan v. United States*, which the Defendant argued would possibly impact the *mens rea* element of the offenses, the requisite burden of proof at trial, jury instructions on prescription drug offenses and potentially, remove altogether criminal prosecution of these types of cases against medical practitioners. (ECF No. 229 and ECF No. 231.) The Court granted the Motion, resetting the trial to November 7, 2022. (ECF No. 235.) On June 27, 2022, the Supreme Court issued its ruling in *Ruan*. See *Ruan v. United States,* 142 S.Ct. 2370 (2022). Rudin subsequently filed the instant renewed motion to dismiss the indictment on October 12, 2022. (ECF No. 240.)

As noted, the matter was set for a jury trial on Monday, November 7, 2022, but continued to Monday, March 27, 2023, following a hearing, as provided below. (ECF No. 252 and ECF No. 253.)

## II.  LEGAL ANALYSIS

### A.  *Dismissal of the Indictment based on Ruan*

"[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)) (alteration in original). "The general rule is that an indictment is sufficient if its language tracks the statute." *United States v. Horton,* 580 F. App'x 380, 383 (6th Cir. 2014). While "the language of the statute may be used in the general description of an offense, . . . it must be accomplished with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Hamling*, 418 U.S. at 117–18.

Count 1 of the indictment provides in pertinent part:

### COUNT ONE

**Conspiracy to Distribute and Dispense Controlled Substances
(21 U.S.C. § 846)**

. . . .

19.  From in or around July 2014 through in or around January 2017, in the Western District of Tennessee, and elsewhere, the defendants, Jeff Young, Alexander Alperovich, and Andrew Rudin did knowingly and intentionally combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury, to violate Title 21, United States Code, Section 841(a)(1), that is, to knowingly and intentionally unlawfully distribute and dispense, mixtures and substances containing a detectable amount of Schedule II controlled substances including Hydrocodone, Oxycodone, and Fentanyl, not for a legitimate medical purpose and outside the course of professional practice.

(ECF No. 3, 7 at ¶ 19.)  The indictment alleges that Rudin joined the conspiracy in or around August 2016 and continued in it to or around January 2017 and agreed to supervise, and

purportedly did supervise Young at Preventagenix. The indictment also alleges that Rudin was responsible for reviewing all of Young's patients' charts who were issued prescriptions for controlled substances. It provides that Rudin *knew* that Young prescribed controlled substances not for a legitimate medical purpose and outside the course of professional practice. Rudin accepted money derived from the proceeds of the conspiracy in exchange for his supervision. (ECF No. 32, 9 at ¶ 29, 10 at ¶ 32.) (*emphasis added.*) While allowing Young to issue prescriptions by using his name and license, the indictment alleges that Rudin and Alperovich gave Young the appearance of legitimacy. (*Id*. at 9, ¶ 30.) As part of the "manner and means" of committing the conspiracy, the indictment alleges acts and requisite knowledge of the Defendants in furtherance of the conspiracy, as follows:

> 34. Under the purported supervision of Alperovich and Rudin and with their knowledge, Young:
> a. Prescribed controlled substances without ever seeing or treating purported patients;
> b. Prescribed the dangerous drug combination known as the "Holy Trinity," comprised of opioids (usually Oxycodone), benzodiazepines (usually Alprazolam), and the muscle relaxer Carisoprodol;
> c. Prescribed dangerous combinations of opioids and benzodiazepines;
> d. Failed to monitor patients for addiction;
> e. Failed to monitor patients for diversion of the prescribed drugs into the illicit drug market;
> f. Ignored drug screens showing patients were taking illicit drugs;
> g. Ignored drug screens showing patients were not taking the controlled substances prescribed them, and therefore, were likely diverting the drugs to other users;
> h. Failed to corroborate patients' reports of pain through x-rays, MRS's, and other diagnostic tools;
> i. Failed to properly examine patients;
> j. Failed to properly diagnose patients;
> k. Failed to provide treatment plans for patients;
> l. Failed to recommend alternative forms, or modalities, of treatment for pain.
>
> All in violation of Title 21, United States Code, Section 846.

(ECF No. 3, 10–11, ¶ 34.)   It appears that the indictment sufficiently alleges facts and circumstances that adequately advise the Defendants of the conspiracy charge in the indictment.

Rudin, however, submits that the Supreme Court, in addressing the *mens rea* element for a conviction under §841 and §846, now requires the Government to allege separately a subjective intent to commit the offense as opposed to the prior objective standard.   Rudin argues that "his criminal liability depends on whether he subjectively knew or intended for Young to issue unauthorized prescriptions" and that the crucial element of subjective knowledge is not sufficiently pled in the indictment.   (ECF No. 240 at 5.)

In response, the Government asserts that Rudin misreads the *Ruan* decision and the motion to dismiss should be denied. (ECF No. 246.) The Government argues that *Ruan* "specifically and repeatedly stated it did not change what the Government must allege in an indictment against a medical provider" accused of illegal distribution of controlled substance via prescriptions.   (ECF No. 246, 3, and 4–10.)   Thus, the Government contends that *Ruan* merely clarified the *mens rea* standard of proof at trial—that the medical provider knowingly and intentionally distributed a controlled substance that was not medically authorized by law.[3]  The Government further responds that the Court in *Ruan* only addressed a substantive distribution offense under §841, not a conspiracy offense under §846.

In *Ruan*, the Supreme Court considered whether a physician alleged to have prescribed controlled substances outside the usual course of professional practice may be convicted of

---

[3] In support of its position, the Government attaches an order denying a motion to dismiss in a similar case, *United States v. Stanton*, No. 6:21-CR-19 (E.D. Ky. filed Aug. 17, 2022) that held section 841 requires that the government prove beyond a reasonable doubt that the defendant knowingly or intentionally acted in an unauthorized manner as well as proposed jury instructions in other factually similar cases.   (ECF Nos. 246, 6–7, 246-1, and ECF Nos. 247-1– 247-4.)

unlawful distribution under 21 U.S.C. § 841(a)(1) without regard to whether, in good faith, he "reasonably believed" or "subjectively intended" that his prescriptions fall within that course of professional practice. The Court ultimately vacated the underlying convictions and remanded the cases, ruling that Section 841's "knowingly or intentionally" *mens rea* component applies to the statute's "except as authorized" clause. In other words, once a defendant meets the burden of producing evidence that his or her conduct was "authorized," the Government must then prove beyond a reasonable doubt that the defendant knowingly or intentionally acted in an unauthorized manner. *See Ruan v. United States*, 142 S.Ct. 2370 (2022). The Supreme Court added clarification of what is required by 21 U.S.C. § 885 in terms of indictment pleading and proof at trial:

> § 885 sets forth, those two purposes have little or nothing to do with scienter requirements. The first has to do with the indictment. It simply says that the Government need not set forth in an indictment a lack of authorization, or otherwise allege that a defendant does not fall within the many exceptions and exemptions that the Controlled Substances Act contains. The Act excepts, for example, licensed professionals such as dentists, veterinarians, scientific investigators, and pharmacists from the prohibition on dispensing controlled substances. See 21 U.S.C. § 802(21). . . . Section 885 merely absolves the Government of having to allege, in an indictment, the inapplicability of every statutory exception in each Controlled Substances Act prosecution. Section 885's second purpose refers only to "the burden of going forward with the evidence," *i.e.,* the burden of *production*. See Black's Law Dictionary, at 244. It says nothing regarding the distinct issue of the burden of *persuasion—i.e.,* the burden of proving a lack of authorization. …("our opinions consistently distinguish[h] between burden of proof, which we defined as burden of persuasion, and ... the burden of production or the burden of going forward with the evidence"); …Section 885 can thus be understood as providing a presumptive device, akin to others we have recognized in the criminal context, which "merely shift[s] the burden of production to the defendant, following the satisfaction of which the ultimate burden of persuasion returns to the prosecution.(internal citations omitted.)

*Ruan,* 142 S.Ct. at 2379.

During the motion hearing on Wednesday, November 2, 2022, the Court heard arguments from the parties. In line with the arguments that were advanced in their briefing, the Defendants asserted that the indictment should be dismissed based on *Ruan* and the change in the *mens rea* standard for charging authorized prescribers of controlled substances for medical treatment. More specifically, Defendants argue that the language in the conspiracy count is inadequate because it fails to allege a subjective intent or knowledge.

The Government argued that the indictment should not be dismissed because *Ruan* did not address the pleading standard applicable to indictments charging offenses under §841 or § 846. The Government referenced paragraph 19 of the indictment as sufficiently and clearly enumerating the elements of an § 846 conspiracy with respect to the Defendants as medical professionals. It also asserted that the indictment sufficiently advised the defendants of the charges against them.[4]

Again, courts recognize the well-established principle that indictments returned by federal grand juries are presumed valid. *United States v. Toatley*, 2 F. App'x 438, 441–42 (6th Cir. 2001). Moreover, the law is designed to limit a trial court's ability to dismiss indictments to instances where it is clearly established that a particular violation substantially influenced the grand jury's decision to indict. *Id*. at 442. After hearing from counsel during the motion hearing, the Court was not persuaded that the indictment against Rudin should be dismissed in light of *Ruan*. The Court finds that, contrary to the Defendant's arguments, Count 1 of the indictment sufficiently informs the Defendants of the elements that the Government is required to prove beyond reasonable doubt in establishing a conspiracy to distribute and dispense controlled substance,

---

[4] The Government also submits that language used in the instant indictment is similar to language upheld in *United States v. Taylor,* No. 6:21-cr-00013-GFVT-HAI, 2022 WL 4227510, at *5 (E.D.Ky. Sept. 13, 2022) (knowingly and intentionally conspiring together to issue prescriptions for controlled substances that were not medically necessary and outside of medical procedures.)

thereby informing the Defendants of the charge that they must defend against. This includes the scienter or culpable mental state element which is included in the Government's requirement to prove the defendant "knowingly or intentionally" acted. The Court notes that Rudin concedes in this latest motion that the Supreme Court in *Ruan* "focused on the required proof for a conviction." (ECF No. 240, 3.) As such, his reasoning that *Ruan* impacts the sufficiency of the indictment is flawed. As a result, the Court finds that the Motion to Dismiss the indictment is **DENIED.**

    B.  *Defendant's Request for the Release of the Grand Jury Document*

In the alternative, Rudin asserts that the Court should order the disclosure of certain grand jury material, namely instructions to the grand jury, transcripts or any other materials that pertain to the scienter requirement. (ECF No 240, 5–6.) Rudin suggests that these documents may provide a basis for dismissal of the indictment if the grand jury was not properly instructed on the *mens rea* requirement in light of *Ruan*.

The Sixth Circuit has stated that the "General Rule of Secrecy" that normally prohibits disclosure of matters occurring before the grand juries . . . . reflects a 'strong' and 'long-established policy' from which departures are permitted . . . . only in cases of 'compelling necessity' . . ." *In re Grand Jury Proceedings*, 841 F.2d 1264, 1268 (6th Cir. 1988). "Compelling necessity allows for the disclosure of grand jury materials in situations where there is proof that without access to the grand jury materials a litigant's position would be greatly prejudiced or an injustice would be done." *U.S. v. Landeau*, No. 3:10-cr-00242-1, 2012 WL 1640746 at *10 (M.D. Tenn. May 9, 2012), Recons. Den., *U.S. v. Landeau*, 2012 WL 5838125 (M.D. Tenn. Nov. 15, 2012), *aff'd. U.S. v. Landeau*, 734 F.3d 561 (6th Cir. 2013); See Fed. R. Crim. P. 6 (e)(2) and Fed. R. Crim. P. 6 (E) (ii). As noted, grand jury indictments are presumed valid, and a trial

court's ability to dismiss indictments is limited to instances demonstrating a "compelling necessity" for the court to act, such as where it is clearly established that a particular violation substantially influenced the grand jury's decision to indict. See *In re Grand Jury Proceedings* at 1268; and *Toatley* at 442.  *Ruan* instructs that the standard of proof in terms of the *mens rea* requirement is related to the sufficiency of the evidence at trial, not the validity of an indictment. The Supreme Court clarified that "[w]e now hold that § 841's 'knowingly or intentionally' *mens rea* applies to the 'except as authorized' clause. This means that once a defendant meets the burden of producing evidence that his or her conduct was "authorized," the Government must then prove beyond a reasonable doubt that the defendant knowingly or intentionally acted in an unauthorized manner."  *Ruan,* 142 S.Ct. at 2376.

   After hearing from counsel regarding the Defendant's request to produce the grand jury material, the Court denied Defendant's initial request, but agreed to conduct an *in-camera* review of the grand jury documents.[5]   The Court has reviewed the Government's submission and finds that there are no issues relative to the content of instructions presented to the grand jury.   The Court has not found a 'compelling necessity' to delve further into the grand jury proceedings.

   For the reasons outlined above, the Defendants' consolidated Motions to Dismiss and the Motion for Production of the Grand Jury Proceedings, ECF No. 240, is **DENIED.**

   The trial will be continued until March 23, 2023.

   **IT IS SO ORDERED** on this the 27th day of December 2022.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE

---

[5] The Government was ordered to produce said grand jury materials.   The Government complied on November 17, 2022.   Grand jury materials received by the Court will be filed under seal.